FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 12, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KAIN B., O/B/O JEFF B. (deceased),<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No.1:19-CV-03285-JTR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 13, 14. Attorney D. James Tree represents Kain B. (Plaintiff)[1]; Special Assistant United States Attorney L. Jamala Edwards represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

---

[1] Jeff B. passed away in March, 2016. Tr. 1307. His next of kin, Kain B., was substituted as the party in interest before the Agency. Tr. 947. The Court will refer to both Jeff and Kain as "Plaintiff."

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on February 27, 2013, alleging disability since May 10, 2012, due to Type I diabetes, seizure disorder, kidney issues, depression, anxiety, and high blood pressure. Tr. 70. The applications were denied initially and upon reconsideration. Tr. 123-35, 137-54. Administrative Law Judge (ALJ) Stephanie Martz held a hearing on July 23, 2014 and heard testimony from Plaintiff and vocational expert, Trevor Duncan. Tr. 31-67. The ALJ issued an unfavorable decision on August 5, 2014. Tr. 15-25. The Appeals Council denied review on July 8, 2015. Tr. 1-5. Plaintiff filed an action for judicial review on September 9, 2015. Tr. 864-66. This Court remanded the claim for further proceedings on September 19, 2016. Tr. 893-907.

On August 6, 2018, ALJ Laura Valente held a remand hearing and heard testimony from medical expert Lawrence Sherman, MD, psychological expert Ricardo Buitrago, PsyD, and vocational expert Jeff Cockrum. Tr. 806-38. The ALJ issued an unfavorable decision on September 10, 2019. Tr. 772-96. The Appeals Council did not assume jurisdiction of the case within the prescribed period, and Plaintiff filed the present action for judicial review on December 11, 2019. ECF No. 1.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 39 years old at the alleged date of onset. Tr. 209. Plaintiff completed his GED in 2004. Tr. 237. His work history includes various restaurant jobs including serving, hosting, and dishwashing, convenience store clerk, and deli seafood worker. Tr. 38-39, 237. Plaintiff testified at his first hearing that he

stopped working due to his conditions. Tr. 37. Plaintiff passed away in March 2016. Tr. 1307.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of

entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

"A finding of 'disabled' under the five-step inquiry does not automatically qualify a claimant for disability benefits." *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007) (citing *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001)). When there is medical evidence of drug or alcohol addiction (DAA), the ALJ must determine whether the drug or alcohol addiction is a material factor contributing to the disability. 20 C.F.R. §§ 404.1535(a), 416.935(a). In order to determine whether DAA is a material factor contributing to the disability, the ALJ must evaluate which of the current physical and mental limitations would remain if the claimant stopped using drugs or alcohol, then determine whether any or all of the remaining limitations would be disabling. 20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2). If the remaining limitations would not be disabling, DAA is a material contributing factor to the determination of disability. *Id.* If the remaining limitations would be disabling, the claimant is disabled independent of the DAA and the addiction is not a material contributing factor to disability. *Id.* Plaintiff has the burden of showing that DAA is not a material contributing factor to disability. *See Parra*, 481 F.3d at 748.

///

///

## ADMINISTRATIVE DECISION

On September 10, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 10, 2012, the alleged onset date. Tr. 775.

At step two, the ALJ determined Plaintiff had the following severe impairments: Type 1 diabetes mellitus, heroin use disorder, methamphetamine use disorder, cannabis dependence disorder, alcohol use disorder, depressive disorder, anxiety disorder, and personality disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 776-78.

The ALJ assessed Plaintiff's residual functional capacity and determined he could have performed work at a light exertional level with the following limitations:

> He would need to avoid concentrated exposure to hazards, such as unprotected heights or moving machinery. He would need to abstain from driving trucks. He was capable of understanding and carrying out simple routine tasks. He could have occasional contact with coworkers and with the general public. He was able to make decisions related to simple routine tasks. He would be absent four times per month.

Tr. 778.

At step four, the ALJ found Plaintiff was unable to perform his past relevant work as a sales clerk, dining room attendant, kitchen helper, or cashier. Tr. 780.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, including the substance use disorders, there were no jobs that existed in significant numbers in the national economy that Plaintiff would have been capable of performing. Tr. 781-82.

Because of Plaintiff's substance abuse, the ALJ further considered his

abilities if he were to stop using drugs and alcohol. Tr. 782. The ALJ found Plaintiff's remaining impairments would have continued to be severe, but would not have met or medically equaled a listing. Tr. 782-83.

The ALJ found, if Plaintiff had stopped the substance abuse, he would have continued to be able to perform light work, and would have had the following additional limitations:

> He would need to avoid concentrated exposure to hazards, such as unprotected heights or dangerous moving machinery. He would have to abstain from driving trucks. He was capable of understanding and carrying out simple routine tasks.

Tr. 783.

The ALJ found if Plaintiff had stopped the substance abuse, he could have performed his past relevant work as a cashier. Tr. 794-95.

The ALJ finally found that, considering Plaintiff's age, education, work experience, and residual functional capacity if he had stopped using substances, there were jobs that existed in significant numbers in the national economy that he would have been capable of performing, specifically identifying the representative occupations of production assembler, assembler of electrical accessories, and routing clerk. Tr. 795.

The ALJ thus concluded Plaintiff's substance use disorder was a contributing factor material to the determination of disability, and thus Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of his death. Tr. 796.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly finding substance use to be material; (2) not properly assessing the opinion evidence; and (3) not properly assessing Plaintiff's testimony.

## DISCUSSION

### 1. Materiality of substance abuse

The Social Security Act bars payment of benefits when drug addiction and alcoholism (DAA) is a contributing factor material to a disability claim. 42 U.S.C. §§ 423(d)(2)(C) & 1382(a)(3)(J); *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001). If there is evidence from an acceptable medical source that a claimant has a substance abuse disorder and the claimant succeeds in proving disability, the Commissioner must determine whether DAA is *material* to the determination of disability. 20 C.F.R. § 416.935; SSR 13-2p at ¶ 8(b)(i) (Feb. 20, 2013), *available at* 2013 WL 621536. That is, the ALJ must perform the sequential evaluation process a second time, separating out the impact of the claimant's DAA, to determine if he would still be found disabled if he stopped using drugs or alcohol. *Bustamante*, 262 F.3d at 955. DAA is a materially contributing factor if the claimant would not meet the SSA's definition of disability if the claimant were not using drugs or alcohol. 20 C.F.R. § 416.935(b).

The ALJ found that Plaintiff's substance use was material to the finding of disability. Tr. 783. Specifically, the ALJ found that during periods of substance abuse Plaintiff had "particular difficulty maintaining his blood-sugar levels, complying with recommended diabetic therapy, avoiding medical complications from diabetes, concentrating and persisting in tasks, and behaving appropriately with others," all of which would have resulted in a disabling level of absenteeism. Tr. 794. The ALJ found the record contained evidence related to periods of sobriety or periods during which there was no evidence of substance use that indicated Plaintiff would not have had the same disabling limitations. *Id.*

Plaintiff argues the ALJ erred in the DAA analysis in that she failed to

1  identify evidence in support of the RFC absent substance use and unduly relied on
2  the testimony of the medical experts at the hearing, who testified they were
3  unaware of any extended periods of sobriety and therefore had insufficient support
4  for their opinions. ECF No. 13 at 3-7. Defendant argues the ALJ properly followed
5  agency policy for evaluating the materiality of DAA and reasonably relied on the
6  testimony of the medical experts. ECF No. 14 at 6-9.
7      The Court finds the ALJ did not err. The ALJ followed the directives of
8  Social Security Ruling 13-2p in evaluating Plaintiff's limitations with and without
9  the impact of DAA, and adequately explained her reliance on the testimony of the
10 medical experts and her interpretation of the medical evidence. Tr. 778-80. Social
11 Security Ruling 13-2p allows an ALJ to rely on an acceptable medical source's
12 opinion regarding expected medical improvement, even when the claimant does
13 not have a period of abstinence. SSR 13-2p ¶(6)(c)(iv). Dr. Lawrence Sherman
14 testified that Plaintiff's substance abuse was the primary problem that contributed
15 to the dysfunction of his diabetes, and offered medical information as to the impact
16 on glucose levels that various substances would have. Tr. 814, 820-22. The ALJ's
17 decision is supported by substantial evidence.

18 **2.    Plaintiff's subjective reports**
19     Plaintiff alleges the ALJ improperly disregarded his subjective symptom
20 reports. ECF No. 13 at 16-21.
21     It is the province of the ALJ to make determinations regarding a claimant's
22 subjective reports. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).
23 However, the ALJ's findings must be supported by specific, cogent reasons.
24 *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant
25 produces medical evidence of an underlying medical impairment, the ALJ may not
26 discredit testimony as to the severity of an impairment merely because it is
27 unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.
28 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting

the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, she found Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms to be not entirely consistent with the medical evidence and other evidence in the record. Tr. 784. The ALJ found Plaintiff's allegations to be undermined by benign physical and mental status findings, Plaintiff's noncompliance with treatment, inconsistent testimony about the management of his diabetes, minimal mental health treatment, improvement with treatment, situational stressors contributing to his mental symptoms, Plaintiff's work history and receipt of unemployment benefits, evidence of symptom magnification, and inconsistent statements about his substance abuse history. Tr. 784-89.

Plaintiff argues the ALJ selectively and incorrectly read the record, failed to consider the full circumstances and explanations for many of the factors, and relied on insufficient evidence in finding symptom magnification. ECF No. 13 at 16-21. Defendant argues the ALJ's reasons are relevant and supported by substantial evidence. ECF No. 14 at 10-12.

The Court finds the ALJ offered clear and convincing reasons for discounting Plaintiff's subjective symptom reports. An ALJ may reasonably consider inconsistent statements made by a claimant in assessing his reliability. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001); *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (conflicting or inconsistent testimony concerning alcohol or drug use can contribute to an adverse credibility finding). The ALJ

found Plaintiff's inconsistent statements about his substance abuse history eroded the reliability of his self-reports. Tr. 789. Her interpretation of the record as containing inconsistent reports is supported by substantial evidence.

An ALJ may also consider the nature of treatment sought, the effectiveness of treatments, and a claimant's compliance with treatment recommendations. Social Security Ruling 16-3p; *see also Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996) (finding the ALJ's decision to reject the claimant's subjective pain testimony was supported by the fact that the claimant was not taking pain medication). The ALJ noted Plaintiff's sporadic attendance at mental health treatment and improvement with the minimal treatment he did receive. Tr. 787.

Although it cannot serve as the sole ground for rejecting a claimant's symptom statements, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ reasonably considered the lack of significant objective findings in the record supporting Plaintiff's allegations of disabling physical and mental impairments. Tr. 784-85, 786.

While Plaintiff offers a different interpretation of many of the facts, the Court finds the ALJ's interpretation is reasonable. "When the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### 3.     Medical opinion evidence

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinions expressed by Dr. Bauman, Dr. Kunhiraman, and Dr. Crank. ECF No. 13 at 8-16.

When a treating or examining physician's opinion is contradicted by another physician, the ALJ is required to provide "specific and legitimate reasons," based

on substantial evidence, to reject the opinion. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth her interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). The record contains conflicting opinions from various physicians. *Compare* Tr. 412-14, 1161-63, 1168-69 *with* Tr. 100-03, 734-39, 764-67, 814-16, 825-27, 1100-02. Therefore, the specific and legitimate standard applies.

      **A.    Dr. Bauman**

      In November 2015, Plaintiff's treating psychologist, David Bauman, PsyD, completed a medical source statement regarding Plaintiff's work-related capabilities. Tr. 1161-64. He opined Plaintiff was moderately limited in a number of areas and was markedly limited in his abilities to complete a normal workweek without interruption from psychologically based symptoms, perform at a consistent pace without an unreasonable number and length of rest periods, interact appropriately with the general public, and accept instructions and respond appropriately to criticism from supervisors. Tr. 1161-62. Dr. Bauman stated that even a minimal increase in mental demands or change in environment would be predicted to cause Plaintiff to decompensate, and he predicted that Plaintiff would be off-task 21-30% of a standard workweek and would miss four or more days of work per month. Tr. 1163. He commented that Plaintiff was currently involved in residential substance abuse treatment and receiving mental health care. Tr. 1164.

      The ALJ gave this opinion little weight, noting Dr. Bauman provided "no objective mental status findings or narrative support for his wholly conclusory opinion." Tr. 793. The ALJ further noted the opinion was out of proportion to

contemporary progress notes and inconsistent with mental status findings in the record, and thus appeared to rest largely on Plaintiff's subjective reports. Tr. 793-94.

Plaintiff argues the ALJ erred in rejecting the opinion for lack of explanation when it was based on the doctor's significant experience and supported by records. He further argues that the ALJ failed to adequately identify what evidence contradicted the report when she failed to clarify how she distinguished periods of recent cessation of substance use. ECF No. 13 at 8-11. Defendant argues the ALJ reasonably considered the lack of narrative explanation from Dr. Bauman and the contradictory contemporaneous treatment records in assigning little weight to Dr. Bauman's report. ECF No. 14 at 13-14.

The Court finds no error in the ALJ's analysis. An ALJ may reasonably consider the supportability and consistency of an opinion. 20 C.F.R. §§ 404.1527(c), 416.927(c) ("The better an explanation a source provides for a medical opinion, the more weight we will give that medical opinion. . . Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion."). The ALJ accurately noted that Dr. Bauman provided no mental status findings or narrative support for his opinion. Tr. 793, 1161-63. While Plaintiff argues the opinion is supported by Dr. Bauman's treatment records, his contemporaneous records contain few objective findings and indicate Plaintiff was improving during his inpatient treatment. Tr. 1187, 1190. The ALJ's analysis is supported by substantial evidence.

### B. Dr. Kunhiraman

Plaintiff's treating endocrinologist, Dr. Kunhiraman, completed a medical source statement in November 2015, noting Plaintiff's diagnosis of diabetes mellitus with history of hyperglycemia. Tr. 1168. He did not believe full time work would cause Plaintiff's condition to deteriorate, though he did note work may cause Plaintiff to have low glucose if the work were physically intense. Tr. 1169.

With respect to missed days, Dr. Kunhiraman stated it was difficult to say how many days Plaintiff would be likely to miss, noting it could be zero or more than four, and that if he had very high glucose, he may need hospital admission. *Id.*

The ALJ gave this opinion little weight due to vagueness. Tr. 790. She further noted the record did not reflect any hospitalizations for glucose problems other than in December 2012, when Plaintiff was using drugs. Tr. 790-91.

Plaintiff argues the record contains many instances of erratic blood sugar readings that could have justified hospitalization, and notes that at the time of Plaintiff's 2012 hospitalization he only tested positive for marijuana. ECF No. 13 at 12. Defendant argues the ALJ legitimately found the opinion to be vague, as the doctor failed to offer a concrete answer as to how many days Plaintiff would be expected to miss work. ECF No. 14 at 15. Defendant also argues the ALJ legitimately considered the fact that Plaintiff had not been hospitalized other than the single event. *Id.*

The Court finds no error in the ALJ's treatment of this opinion. An ALJ is not required to specifically credit or reject a doctor's opinion when it does not include opinions as to specific functional limitations. *Valentin v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 691-92 (9th Cir. 2009). The doctor did not assess any specific functional limits with respect to missed days, saying it was difficult to say. Tr. 1169. The ALJ considered the record, which included only a single hospitalization for erratic glucose. As Dr. Kunhiraman seemed to indicate hospitalizations would contribute to potential missed days, the fact that Plaintiff did not require hospitalization at any point other than December 2012 was a reasonable factor for the ALJ to consider. The ALJ's analysis is sufficient.

**C.    Dr. Crank**

In 2013, Dr. Jeremiah Crank completed a DSHS physical functional evaluation. Tr. 412-20. He listed Plaintiff's primary problem as "very difficult to control diabetes," noting his history of multiple hospitalizations for diabetic

ORDER GRANTING DEFENDANT'S MOTION . . . - 13

ketoacidosis. Tr. 412. He opined Plaintiff was markedly limited in all areas of physical functioning and was unable to meet the demands of even sedentary work, due to an inability to predict his hypoglycemia episodes and seizures. Tr. 413-14.

The ALJ gave this opinion little weight, finding it to be inconsistent with the record as a whole and not well-supported. Tr. 791. The ALJ noted Dr. Crank's contemporaneous physical exam findings were normal, and found the doctor offered no explanation or support as to the basis for the limitations. *Id.* She additionally found the opinion was inconsistent with later records, which documented no episodes of seizures or hospitalizations after December 2012 and largely normal objective findings in the record. *Id.* Finally, the ALJ noted Plaintiff testified his problem was primarily high blood sugar, not low, that he had looked for work during the relevant period and would have taken it had it been offered, and that he had worked for many years with his diabetes diagnosis, including throughout the period where he experienced numerous hospitalizations. *Id.*

Plaintiff argues the doctor's opinion was based on Plaintiff's episodes of labile diabetes and not his physical functioning at the specific time of the exam, and thus the ALJ's rationale was insufficient. ECF No. 13 at 14. He further argues the ALJ improperly interpreted the record regarding Plaintiff's work history and testimony. *Id.* at 15-16. Defendant asserts the ALJ reasonably found the opinion to be inconsistent with the records and lacking in explanation and support for the extent of the limits assessed. ECF No. 14 at 16-17.

The Court finds the ALJ did not err. An ALJ may legitimately consider an opinion's consistency with the record as a whole. 20 C.F.R. §§ 404.1527(c), 416.927(c). Dr. Crank's opinion was largely based on Plaintiff's past hospitalizations and seizures; however, the record for the relevant period contained only one hospitalization. Tr. 320-23. Despite Plaintiff continuing to have highs and lows in his blood sugar readings, he did not require hospitalization after December 2012, and he reported no further seizure activity. Therefore, the ALJ's

ORDER GRANTING DEFENDANT'S MOTION . . . - 14

interpretation of the record as inconsistent with Dr. Crank's opinion is supported by substantial evidence.

An ALJ may also consider the amount of explanation and support for an opinion. 20 C.F.R. §§ 404.1527(c), 416.927(c). The ALJ found Dr. Crank's opinion to be lacking in explanation for the basis for all the assessed limits, and noted that the contemporary exam notes were all normal. Tr. 417-20. While Plaintiff offers an alternative interpretation, the ALJ's interpretation is reasonable. "When the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Therefore, the ALJ did not err in assigning little weight to Dr. Crank's opinion.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED November 12, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE